MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. THAD. S. HARRISON.

Decided October 27, 1906.

**Personal Injuries—Negligence—No Evidence—Charge.**

. It is reversible error to submit an issue not raised by the evidence. In a suit for personal injuries received in an attempt to rescue a passenger in danger, evidence considered, and held not to warrant a charge submitting an issue of negligence on the part of the train operatives in failing to discover the danger of the passenger in time to avoid the collision.

Appeal from the District Court of Cooke County. Tried below before Hon. D. E. Barrett.

*Garnett & Eldridge,* for appellant.

*Stuart & Bell,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The appellee was injured in the commendable effort to rescue Mrs. A. E. Parker from the imminent danger in which she had suddenly placed herself, as shown by the following quotation from her testimony: "I am the wife of John Parker, the plaintiff; we live two and one-half miles south of Myra. On January 11, 1905, Mr. Parker and myself came to Myra; went to defendant's depot at Myra, and purchased tickets from Myra to Gainesville. The train came to Myra some time after nine o'clock a. m. The waiting room of the depot is on the east end, where we waited for the train to come. Never.noticed whether whistle was blown for the station. When we went to get on the train we went west. The door of the

waiting room is on the north side of the depot. The coach usually stops west of the door where we got out, and at west end of platform. When we went west along by the house there were trucks sitting by the house and right by the side of it was a hole of water. I don't know how far the hole of water was from the south rail of the train, never measured it, it was tolerably close. When I got to the hole of water I started to step around it, the deepest of it. I had my head down sorter, it was raining and when I started to step around the deepest of the water I was struck by the train. It knocked me down in the hole of water, but did not knock me senseless. Mr. Harrison was there. I think I was right ahead of him when I was struck, don't know how far. The hole of water was on the platform and it was two or three steps across it. The trucks were beside the house, the hole of water was a little north of the trucks. There was no other way except the one I took, between the trucks and the south rail of the track." Cross examination: "I did not hear the train whistle. Some one else heard it I suppose, they said the train was coming and we started to get on the train. I saw it coming. I didn't get out of the water, I just stepped around a little to get out of the deepest of it. I didn't get out of it though, it was around near the track. I was closer to the track than I had been. I was walking along, not so very fast, and it was raining. We were in the lead. Mr. Parker was in the lead and I was next to him, just a little behind him, not over a step or two. We were walking along, not very slow nor very fast. When I got to the water I stepped around the deepest of it and I don't think I had taken more than one step, not more than two steps, when I was struck. We were going right along and about the time it takes to make one or two steps I was hit. I never noticed the pool of water until I got to it. I was walking with my head down, and when I got to the pool of water I made one or two steps to get around it and just as I made these steps I got hit. I saw the train coming just up the track a little piece. I don't think the train was quite to the platform when I last saw it. It was about twenty steps from me I guess. This was before I got to the pool of water. When I was struck I fell with my face east. When I was struck it just turned me around, it struck me on my wrist and arm. Just as I was struck I saw the engine, it was passing right on, some part of it passed before I was struck. It was some piece that was reaching out, the big wheels had not passed, but I remember some wheels passed me. There were two small wheels on the side toward me, they passed me before I was struck. I had just stepped to get around this pool of water and some part of the side of the engine hit me. I think it was the back of the engine, but I may have been mistaken, it was some piece that was reaching out further than the balance of it. The front wheels had passed me. I guess I was going around the water when it passed me. The engine was passing me when I was at the water. I don't know whether I had done started around the water or not. I think about all the engine had passed me when I went to step around the pool of water. I don't know whether it was when I was stepping around the pool of water when the engine passed me.

"I know part of the engine had passed me when I was struck. I was going in a westerly direction. The depot is on the south side of the

track, the platform is north of the depot and between the depot and the track. I was going west to get on the train and the train was coming east toward me. I was facing the train, the front of the engine was coming toward me and I was going toward the engine. I knew the engine would come along the track."

Two grounds of recovery were alleged and submitted in the charge to the jury: First, the negligence of appellant in failing to provide passengers a reasonably safe approach to its trains at Myra; and second, the negligence of the train operatives in this instance in failing to discover that Mrs. Parker was in danger of being struck in time to avoid the collision. That the second issue was not raised by the evidence is perfectly clear, we think, from the testimony of Mrs. Parker herself, quoted above, which was corroborated by appellee and the other witnesses. That it is reversible error in this State to submit an issue not raised by the evidence is equally clear. We find no merit, however, in the assignments raising other issues, but because alone of the error in submitting an issue not raised by the evidence, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*